UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 00-4868

ANTHONY MILLER, a/k/a A-1,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-132)

Submitted: August 14, 2001

Decided: September 10, 2001

Before WIDENER, NIEMEYER, and GREGORY, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

Nathan A. Hicks, Jr., LAW OFFICE OF NATHAN A. HICKS, JR., Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Anthony Miller appeals his eighty-seven month sentence imposed by the district court following his guilty plea to threatening and aiding and abetting in the threatening of a federal witness and informant, in violation of 18 U.S.C.A. § 1513(b)(2) (West 2000). For the reasons below, we vacate Miller's sentence and remand for resentencing.

Miller contends the district court incorrectly applied the Sentencing Guidelines in calculating his criminal history. Because Miller did not object to the district court's calculation at sentencing, we review for plain error. *See United States v. Olano*, 507 U.S. 725, 732-34 (1993). For this court to notice plain error: (1) there must be error; (2) it must be plain under current law; (3) it must affect substantial rights, typically meaning the defendant is prejudiced by the error in that it affected the outcome of the proceedings; and (4) the error must seriously affect the fairness, integrity, or public reputation of judicial proceedings. *Id.* at 733-37; *United States v. Rolle*, 204 F.3d 133, 138-39 (4th Cir. 2000).

Miller first contends the district court improperly counted his 1997 convictions for fleeing and destruction of property in calculating his criminal history score, arguing the concurrent sentences were for less then sixty days. As such, he contends the prior offenses fall under *U.S. Sentencing Guidelines Manual* § 4A1.1(c) (1998), and should not have been attributed a criminal history point since Miller had already been assessed the maximum four points under USSG § 4A1.1(c).

Miller is correct. Because Miller's concurrent 1997 sentences for fleeing and destruction of properly were for a term of sixty days or less, they should have been categorized under § 4A1.1(c). Since Miller had already been assigned the maximum four points under § 4A1.1(c), the district court plainly erred by assigning him the additional point. *See* USSG § 4A.1(c); *United States v. Ford*, 88 F.3d 1350, 1356 (4th Cir. 1996). Further, because this calculation of Miller's criminal history placed him in a higher guidelines range, we conclude the error affected his substantial rights. Finally, we also find the

error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Miller next contends the district court improperly counted convictions for battery on an officer and resisting arrest in calculating his criminal history score. We find no merit in this claim. We conclude any error inured to Miller's favor and thus did not affect his substantial rights.

Finally, Miller contends the district court erred in calculating his criminal history by relying on the length of prior sentences that were imposed with credit for time served. We find no merit in this claim.

For the foregoing reasons, we vacate Miller's sentence and remand for re-sentencing in accordance with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*